**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 1, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM GARDNER,

       Petitioner-Appellant,

v.

JAMES JANECKA, Warden, Lea
County Correctional Center; and
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

       Respondents-Appellees.

No. 05-2225
(D.C. No. CIV-041235 JB/ACT)
(D. N.M.)

**ORDER**

Before **KELLY, LUCERO,** and **McKAY,** Circuit Judges.

William Ray Gardner, a New Mexico state prisoner proceeding pro se, requests a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2254 petition. For substantially the same reasons set forth by the district court, we **DENY** Gardner's request for a COA and **DISMISS**.

Gardner is currently serving a twelve-year sentence for a third degree felony and two fourth degree felonies, and for being a habitual offender. He conditioned his no contest plea on his right to appeal the denial of a motion to suppress evidence allegedly obtained in violation of his Fourth Amendment

rights. The New Mexico Court of Appeals affirmed the trial court's decision, and the New Mexico Supreme Court denied certiorari. Gardner's petition for state post-conviction relief was also denied. He then filed the instant § 2254 petition reasserting his Fourth Amendment claim. The district court denied Gardner's petition and his subsequent application for COA. He now seeks a COA from this court.[1]

Under Stone v. Powell, 428 U.S. 465, 482 (1976), "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Both the state trial court and court of appeals applied the appropriate Fourth Amendment standards to Gardner's argument and found that the challenged search was reasonable. Under such circumstances, we

---

[1] Gardner's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999). AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Gardner to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because the district court denied Gardner a COA, he may not appeal the district court's decision absent a grant of a COA by this court.

are precluded from reviewing the state court decision. See Gamble v. Oklahoma, 583 F.2d 1161, 1165 & n.3 (10th Cir. 1978) (federal courts may review Fourth Amendment claims in habeas corpus proceedings only where "the state court wilfully refuses to apply the correct and controlling constitutional standards,"or where the state court application of the federal standard is "so unconscionable as to deny a defendant the opportunity for full and fair litigation"). His application for a COA is therefore **DENIED** and the appeal is **DISMISSED**. Gardner's motion for appointment of counsel is also **DENIED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge